**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                              CASE NO: 3:18-cr-223-J-20MCR

BRIAN PAUL DAVIS                    ORDER ON MOTION FOR
                                                      SENTENCE REDUCTION UNDER
                                                      18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Brian Paul Davis is a 52-year-old inmate incarcerated at Tallahassee FCI, serving a 72-month term of imprisonment for conspiracy to distribute 50 grams or more of actual methamphetamine and possession of a firearm by a convicted felon. (Doc. 216, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on November 13, 2023. Defendant seeks compassionate release so he can donate a kidney to his stepfather and to assist his mother in taking care of him. (Doc. 275, Motion for Compassionate Release; Doc. 275-1 through Doc. 275-5, Exhibits; Doc. 284, Addendum).

---

[1] The Court assumes for purposes of this Order that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, cmt. 1. Admirably, Defendant wishes to donate a kidney for his ailing stepfather, who is under the care of the Mayo Clinic. Under the Mayo Clinic's organ donor exchange program, the donor need not be a match with the beneficiary himself. (Doc. 275-4 at 3). Rather, a donor may give an organ on behalf of the beneficiary, and the donated organ will go to a third party recipient. In return, the beneficiary moves to the top of the transplant list.

The success of the organ exchange still depends, however, on the donor's organ being deemed acceptable for the exchange. Defendant offers no evidence that he has been screened by

the organ exchange program and his kidney found suitable for donation. And, there is some reason for concern that Defendant would not be deemed an acceptable donor. He is 52 years old and has a history of drug and alcohol use. According to the Presentence Investigation Report (PSR), Defendant first began consuming alcohol at age 10 (although he abstained from alcohol from 2013 to 2017), and he first began using methamphetamine at age 21. (Doc. 170 at ¶¶ 81-89). Defendant used methamphetamine daily leading up to his arrest in the instant case. (Id. at ¶ 85). Thus, the Mayo Clinic may not find Defendant's kidney acceptable for donation to another person.

Moreover, as the United States points out, "[t]he BOP has policies and procedures in place in order to allow eligible inmates a medical furlough for such procedures" as an organ donation. (Doc. 283 at 8 (emphasis in original); see also Doc. 283-1, BOP Patient Care Policy at 44-45; Doc. 283-2, BOP Furlough Policy). However, there is no indication that Defendant has sought to avail himself of the BOP's furlough program.

To the extent Defendant seeks compassionate release to serve as his stepfather's caregiver, the facts do not fall within the scope of the "Family Circumstances" provision, U.S.S.G. § 1B1.13, cmt. 1(C). Under that provision, family circumstances qualify as an extraordinary and compelling reason for compassionate release in two situations: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," and "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. The illness of an inmate's parent does not fall within the scope of this provision. Even if it did, there is no evidence that Defendant is the only person available to assist his mother in taking care of his stepfather. Indeed, Defendant indicates that one of his stepfather's doctors has agreed to prescribe a caretaker. (Doc. 275 at 8). Although Defendant may

3

be the preferred caretaker, he is not the only person available for the task.[2]

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence under all the circumstances. 18 U.S.C. § 3582(c)(1)(A). Defendant has completed 26 months of his 72-month prison sentence. As noted above, a sentence reduction under § 3582(c)(1)(A) is not the only available option if Defendant is found to be a suitable kidney donor for his stepfather. Instead, the BOP provides a medical furlough program for such situations. The Court further believes that Defendant may benefit from continued participation in BOP drug treatment or rehabilitation programs.[3]

The Court commends Defendant's desire to help his stepfather. However, a sentence reduction is not warranted in view of all the circumstances. Accordingly, Defendant's Motion for Compassionate Release (Doc. 275), as supplemented (Doc. 284) is **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of December, 2020.

_____
HARVEY E. SCHLESINGER
United States District Judge

---

[2] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1. See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

[3] While the Court may not extend a defendant's prison term based on the need for treatment, Tapia v. United States, 564 U.S. 319, 321 (2011), it may consider a defendant's need for medical care in declining to shorten his term of imprisonment, United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

[4] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

lc 19

Copies:
Counsel of record
Defendant